**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORY DEAN RUNGE,

        Petitioner,

  vs.

M.S. EVANS, Warden,

        Respondent.

                                 /

No. C 06-2509 PJH (PR)

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND RESPONDENT'S MOTION TO DISMISS**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Before the court for ruling are petitioner's motion for appointment of counsel and respondent's opposed motion to dismiss.

**DISCUSSION**

*1. Petitioner's motion for counsel*

Petitioner moves for appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas corpus actions, *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986), but 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

Petitioner has presented his claims well, indeed well enough, as discussed below, to defeat respondent's motion to dismiss. The interests of justice do not require appointment of counsel.

*2. Respondent's motion to dismiss*

Respondent contends that this petition is barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

Respondent asserts, and petitioner does not dispute, that he pleaded guilty in 2002. He did not appeal, so direct review was completed March 18, 2002, when the time to appeal expired. This petition thus was due on March 18, 2003. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (clarifying method of calculating deadline). Because it was not filed until February 26, 2006, it is untimely unless tolling applies or the limitations period began running on one of the other three possible starting dates provided in the statute. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).[1]

Petitioner does not argue for different starting date, and statutory tolling for state collateral review proceedings is not available because petitioner did not file his first state petition until after expiration of the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed...."). Petitioner does, however, contend that he is entitled to equitable tolling.

---

[1] February 26, 2006, is the date the petition was placed in the institution's mail for delivery to the court, according to petitioner's certificate of service. It thus is deemed to be the date of filing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), *vacated and remanded on other grounds, Carey v. Saffold*, 536 U.S. 214 (2002).

1    The one-year limitation period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* (citation and internal quotation marks omitted). However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [petitioner's] favor." *Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002). When a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006).

   Mental illness, such as petitioner alleges here, can be a basis for equitable tolling. *See Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). "Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled." *Id.* (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)).

   Petitioner's opposition to the motion to dismiss is signed under penalty of perjury, so it is itself evidence of the facts alleged in it. Because respondent did not file a reply to petitioner's opposition, despite petitioner having raised the equitable tolling issue, these facts are uncontested. Petitioner alleges that he had serious and continuous mental difficulties during the relevant period, and has provided some exhibits to back up the claim. He was housed in the Mental Health Ward of the prison from the time he was first incarcerated until the date the opposition was filed, and has taken anti-psychotic medications for twenty years. He alleges that the delay in his discovering the grounds for the petition was because of his mental illness.

///

3

Petitioner has established his entitlement to equitable tolling. The motion to dismiss will be denied.

## CONCLUSION

Petitioner's motion for counsel (document number 3 on the docket) is **DENIED**. Respondent's motion to dismiss (document number 4 on the docket) is **DENIED**. Respondent shall file an answer to the order to show cause and the record within sixty days of the date of this order. If petitioner wishes to file a traverse (response) to the answer, he shall do so within thirty days of the date the answer is served upon him.

**IT IS SO ORDERED**.

Dated: February 15, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.06\RUNGE509.MDSMSS-SL