UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORY DEAN RUNGE,

        Petitioner,

vs.

M.S. EVANS, Warden,

        Respondent.

        No. C 06-2509 PJH (PR)

**ORDER RULING ON MOTIONS**

This is a habeas brought pro se by a state prisoner to challenge his conviction for having a weapon in prison. He was sentenced to two years in prison in addition to the twenty-five years to life sentence he already was serving. Petitioner has filed a number of motions.

Petitioner filed what he calls a "Traverse Without an Answer Served on Me / Request That this Court Vacate Judgment from Lower Court." It is a request that the writ be granted. The merits of the case will be considered in the proper order. The motion (document number 9 on the docket) is **DENIED**.

Petitioner has also filed two motions for entry of a default judgment. Because after the motions for default were filed the court granted respondent's motion for an extension of time, and because entry of default generally is not appropriate in habeas actions, the motions (documents 11 and 16) are **DENIED**. *See Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994) (default judgment disfavored in habeas corpus cases). Petitioner's "motion" in opposition to the respondent's motion for an extension of time to answer (document 18) is **DENIED** as moot.

Respondent's later motion for a further extension of time to answer (document 19) is **GRANTED**.  The answer is deemed timely.  Petitioner's motion that the extension be denied and his default motions granted (document 20) is **DENIED**.

Petitioner's motion for an extension of time to file his traverse (document 22) is **GRANTED**.  The traverse is deemed timely.

Petitioner also moves for appointment of counsel.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

Petitioner has argued his positions exceptionally well, and there is nothing further to do in this case before decision.  The interests of justice do not require appointment of counsel.  The motion for appointment of counsel (document number 24 on the docket) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  March 18, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.06\RUNGE509.ATY.wpd